UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARY PUGH, | ) | |
| | ) | |
| Plaintiff, | ) | 10 C 4115 |
| | ) | |
| vs. | ) | Judge Feinerman |
| | ) | |
| BOARD OF EDUCATION OF THE CITY OF CHICAGO, a municipal corporation, and PHYLIS HAMMOND, individually, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Earlier this year, the court entered final judgment in favor of Defendants Board of Education of the City of Chicago and Phylis Hammond and against Plaintiff Mary Pugh. Doc. 75; *see* Doc. 74 (order granting summary judgment to the Board); Doc. 30 (order granting Hammond's motion to dismiss). Pursuant to Federal Rule of Civil Procedure 54(d)(1), the Board submitted a bill of costs, which seeks recovery of $1,830.38. Docs. 80, 81. For the following reasons, the Board is awarded $1456.08 in costs.

A prevailing party may recover six categories of costs: (1) "[f]ees of the clerk and marshal"; (2) fees for transcripts "necessarily obtained for use in the case"; (3) "[f]ees and disbursements for printing and witnesses"; (4) "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case"; (5) docket fees; and (6) "[c]ompensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services." 28 U.S.C. § 1920. "Although a district court has discretion when awarding costs, the discretion is narrowly

confined because of the strong presumption created by Rule 54(d)(1) that the prevailing party will recover costs." *Contreras v. City of Chicago*, 119 F.3d 1286, 1295 (7th Cir. 1997) (citations omitted) (internal quotation marks omitted); *see also Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006) ("The rule provides a presumption that the losing party will pay costs but grants the court discretion to direct otherwise."). Pugh offers four reasons why the Board's request for costs should be denied in its entirety. Doc. 87. None has merit.

First, Pugh notes that she was granted *in forma pauperis* status. The court construes this submission to argue that Pugh is indigent and therefore should be relieved of her obligation to pay costs. "Since 1983, [the Seventh Circuit] has held that it is within the discretion of the district court to consider a plaintiff's indigency in denying costs under Rule 54(d)." *Rivera*, 469 F.3d at 634 (internal quotation marks omitted). *Rivera* directs district courts to undertake this analysis when presented with a claim of indigency:

> First, the district court must make a threshold factual finding that the losing party is incapable of paying the court-imposed costs at this time or in the future. The burden is on the losing party to provide the district court with sufficient documentation to support such a finding. This documentation should include evidence in the form of an affidavit or other documentary evidence of both income and assets, as well as a schedule of expenses. Requiring a non-prevailing party to provide information about both income/assets and expenses will ensure that district courts have clear proof of the non-prevailing party's dire financial circumstances. Moreover, it will limit any incentive for litigants of modest means to portray themselves as indigent.
>
> Second, the district court should consider the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case when using its discretion to deny costs. No one factor is determinative, but the district court should provide an explanation for its decision to award or deny costs.

*Id*. at 635-36 (citations and internal quotation marks omitted). Pugh provides no evidence regarding her current financial situation from which the court could make the threshold finding

-2-

required by *Rivera*. And even if the court were to speculate that Pugh's financial situation has not changed since August 2010, when she was allowed to proceed *in forma pauperis*, Doc. 6 (Coar, J.), and thereby find that she made the threshold showing, Pugh makes no argument regarding the second set of *Rivera* factors—the amount of costs, her good faith, and the closeness or difficulty of the issues. By failing to directly address either of the inquiries mandated by *Rivera*, Pugh has forfeited any contention that she should be excused from paying costs due to indigency. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011); *Fabriko Acquisition Corp. v. Prokos*, 536 F.3d 605, 609 (7th Cir. 2008); *Wojtas v. Capital Guardian Trust Co.*, 477 F.3d 924, 926 (7th Cir. 2007); *Kramer v. Banc of Am. Sec., LLC*, 355 F.3d 961, 964 n.1 (7th Cir. 2004); *Stransky v. Cummins Engine Co.*, 51 F.3d 1329, 1335 (7th Cir. 1995); *United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991).

Second, Pugh maintains that her first appointed counsel was not an expert in employment discrimination law (the subject matter of Pugh's claims) and withdrew from the case because of a conflict of interest. Pugh does not explain how this fact is relevant to her obligation to pay costs. The argument therefore is rejected.

Third, Pugh claims that her second attorney's failure to consolidate this case with two other cases brought by her counsels against awarding costs. The failure to consolidate could be relevant only if Pugh had prevailed in either of the two other cases, for then she would have prevailed on part of her case, which in turn could have rendered a cost award against her partially or entirely inappropriate. *See Testa v. Vill. of Mundelein, Ill.*, 89 F.3d 443, 447 (7th Cir. 1996) (affirming the district court's holding that each side must bear its own costs where the plaintiff was awarded $1,500 on a state law malicious prosecution claim but lost a federal civil rights claim); *Ellis v. County Club Hills*, 2012 WL 4009701, at *1-2 (N.D. Ill. Sept. 12, 2012)

("the factual circumstances here—summary judgment for the City, not guilty as to one police officer, and a nominal damages award ($1) against the other—present a[] … strong[] case for the Court to conclude that this was a 'mixed' result case. Under these circumstances, neither Defendants nor Plaintiff prevailed as to a 'substantial' part of the litigation. As such, the Court concludes that the appropriate disposition of the costs issues in this case is that the parties must bear their own costs."). However, Pugh lost both of the other cases, which were dismissed with prejudice. *See Pugh v. Chi. Teachers' Union*, No. 10 C 7176, 2012 WL 1623222 (N.D. Ill. May 8, 2012) (Kennelly, J.); *id.*, Docs. 47 & 48 (June 18, 2012); *Pugh v. Ill. State Bd. of Educ.*, No. 10 C 7174, Docs. 40 & 41 (N.D. Ill. Feb. 28, 2012) (Hibbler, J.). Accordingly, even if this case had been consolidated with the two other cases, Pugh still would have been the losing party and thus would have remained obligated to pay costs.

Fourth, Pugh argues that the Board has engaged in fraud, which is a recognized ground for denying costs. *See Delta Air Lines, Inc. v. Colbert*, 692 F.2d 489, 490 (7th Cir. 1982). But Pugh's fraud allegation is itself fraudulent. Pugh argues as follows:

> On Case No. 2008-0047, my case, this case was approved for a Settlement Agreement in amount of $93,000.00. This was a settlement that was approved for the exact case 2008-0047 for $93,000.00 which was MY CASE. It must be made aware that the Board of Education has continuously engaged in fraud because the document that I received stated that the case was dismissed. How can the case be dismissed when a judgment settlement was awarded for $93,000.00.

Doc. 87 at 3. To support her argument, Pugh attaches an order of the Illinois Educational Labor Relations Board dismissing her unfair labor practice charges in *Pugh v. Chicago Board of Education*, Case No. 2008-CA-0047-C (IELRB June 13, 2008), and a document signed by the Board's then-General Counsel approving payment of a $93,000 settlement in a case identified as "*A.H. v. City of Chicago School District 299* (Case No. 2008-0047)." Doc. 87 at 6-8. How any

-4-

of this has any bearing on whether costs should be awarded in *this* case is wholly unclear. There is no need to guess, however, as Pugh's premise—that she was given a $93,000 settlement in another case that the Board somehow hid from her—is demonstrably false. An on-line search reveals that the case in which the settlement was paid, while proceeding under a case number similar to the case number of Pugh's unfair labor practice case, was a due process proceeding brought before the Illinois State Board of Education by a Chicago student, A.H., under the federal Individuals with Disabilities Education Act. *See A.H. v. City of Chicago SD 299*, Case No. 2008-0047 (ISBE Aug. 9, 2008), *available at* http://l.b5z.net/i/u/6027768/i/Decision_and_order.doc. The Board did not engage in any fraud, let alone fraud that would warrant denying it costs in this case.

      Pugh does not dispute any specific items in the Board's bill of costs. The court nonetheless remains obligated to determine whether the costs sought by the Board are allowable and, if so, whether they are reasonable and necessary. *See Deimer v. Cincinnati Sub-Zero Prods., Inc.*, 58 F.3d 341, 345 (7th Cir. 1995); *Soler v. Waite*, 989 F.2d 251, 255 (7th Cir. 1993); *Wells v. Johnson*, 2012 WL 3245955, at *1 (N.D. Ill. Aug. 6, 2012); *Berry v. Chi. Transit Auth.*, 2011 WL 947073, at *1 (N.D. Ill. Mar. 15, 2011); *Denson v. Ne. Ill. Reg'l Commuter R.R. Corp.*, 2003 WL 21506946, at *2 (N.D. Ill. June 27, 2003). The court finds that the costs sought by the Board are allowable, reasonable, and necessary, with the following two exceptions.

      The first exception is the $1,079.55 sought for the cost of the 217-page transcript of the Board's deposition of Pugh. Doc. 80 at 3. Local Rule 54.1(b) provides that "the costs of the transcript or deposition shall not exceed the regular copy rate as established by the Judicial Conference of the United States … in effect at the time the transcript or deposition was filed[,] unless some other rate was previously provided for by order of court." N.D. Ill. L.R. 54.1(b).

The Judicial Conference's current rate is $3.65 per page. Pugh's deposition transcript was 217 pages long, so the total cost, including appearance fees, cannot exceed $792.05. *See Nicholson v. Allstate Ins. Co.*, 2012 WL 1192077, at *1 (N.D. Ill. Apr. 10, 2012); *Fletcher v. Chi. Rail Link, LLC*, 2007 WL 4557816, at *1 (N.D. Ill. Dec. 20, 2007); *Higbee v. Sentry Ins. Co.*, 2004 WL 1323633, at *2 (N.D. Ill. June 11, 2004); *Denson*, 2003 WL 21506946, at *2; *Rogers v. City of Chicago*, 2002 WL 423723, at *3 (N.D. Ill. Mar. 15, 2002). It follows that the Board's recovery for the costs of Pugh's deposition transcript must be reduced by $317.50, which is $1,079.55 minus $792.05.

The second exception is the Board's request for $152.20 in costs for copying various court papers in this case. Doc. 80 at 4-9. "The expense of copying materials reasonably necessary for use in a case are recoverable costs under 28 U.S.C. § 1920(4)." *M.T. Bonk Co. v. Milton Bradley Co.*, 945 F.2d 1404, 1410 (7th Cir. 1991). The only reasonably necessary copies are "materials actually prepared for use in presenting evidence to the court." *Perry v. City of Chicago*, 2011 WL 612342, at *2 (N.D.Ill. Feb. 15, 2011) (citing *McIlveen v. Stone Container Corp.*, 910 F.2d 1581, 1584 (7th Cir. 1990)) (internal quotation marks omitted). Because this case was resolved short of trial, the only court papers whose copying was reasonably necessary were those for which Local Rule 5.2(f) required the Board to submit a courtesy copy to the presiding judge. *See Wells v. Johnson*, 2012 WL 3245955, *1 (N.D. Ill. Aug. 6, 2012) (costs of courtesy copies are necessarily incurred); *Perry*, 2011 WL 612342, at *2 (same). Defendants seek $95.40 for those courtesy copies, at twenty cents per page, which is reasonable. *See Kaplan v. City of Chicago*, 2009 WL 1940789, at *4 (N.D. Ill. July 6, 2009) ("courts in this district have found photocopying costs between $0.10 and $0.20 per page to be reasonable") (citing cases); *Grayson v. City of Chicago*, 2003 WL 22071479, *2 (N.D. Ill. Sept. 3, 2003) ("Copy rates of

between $0.10 and $0.20 per page have been found to be reasonable.") (citing cases). It was not reasonably necessary for the Board to make copies of orders entered by the court or papers filed by Pugh. *See McIlveen*, 910 F.2d at 1584 ("we agree with the district court that the $27.90 spent to copy court filings was not recoverable," as § 1920(4) "does not encompass [a party's] copying of court filings for its own use"). Those copying costs, which amount to $56.80, are disallowed.

For these reasons, the Board is awarded costs, but the $1,830.38 it seeks is reduced by $374.30, resulting in a cost award of $1456.08.

October 22, 2012

                                               United States District Judge